### John Kelsey v. Isaiah Silver.

Where the plaintiff bought a quantity of hay at a sheriff's sale as the property of an execution debtor who had no title, and the owner of the hay had recovered against the plaintiff the value of the hay, and the plaintiff brought a suit against the creditor, upon whose execution the hay was sold, claiming on an implied warranty of the title of the debtor; *It was held*, that the officer who sold the hay was an incompetent witness for the plaintiff.

This was an action of assumpsit against the defendant and one Pierce, in which the plaintiff alleged, in substance, that

the defendants, being the owners of a writ of execution in their favor against Nathaniel Boynton, on the first day of November, 1834, delivered said writ to Elihu Underwood, constable of Danville, to collect, and directed said Underwood to levy the execution on a quantity of hay then in a barn occupied by Samuel W. Boynton in said Danville; that in pursuance of such directions, Underwood levied the execution upon said hay and advertised it to be sold at auction in due form of law; that at the time of said sale, the plaintiff purchased of said constable the hay aforesaid and paid therefor $45,00; that, afterwards, said Samuel W. removed five tons of said hay and converted it to his own use, without the consent of the plaintiff; that the plaintiff afterwards, to wit, on the third day of April, 1835, commenced his suit against said Samuel W. to recover the value of said hay and gave notice thereof to the defendants, in which suit the said Samuel W. recovered a final judgment against the plaintiff, in the supreme court in Caledonia county, at the March term thereof, 1836, for $31,87 costs, which was paid to Samuel W. by the plaintiff; that the remainder of said hay, being two tons, the plaintiff took and converted to his own use, for which the said Samuel W. brought his action against the plaintiff, before Archelaus Sias, a justice of the peace, of which the defendants had notice, and, on the 21st day of November, 1836, recovered judgment against the plaintiff for ten dollars damages and $7,18 costs of suit, which was also paid by the plaintiff to the said Samuel W. And the plaintiff averred that he notified the defendants of the pendency of both suits and requested them to assist in sustaining the first, and defending against the last, but the defendants refused to do either, but requested the plaintiff to employ counsel and make all necessary preparation in said suits; which the plaintiff then and there did and was at great expense in prosecuting the first suit and defending the last, to wit, one hundred dollars. And the plaintiff further alleged that said hay was not the property of Nathaniel Boynton, nor liable to be taken and sold on the execution in favor of the defendants against him, which the defendants knew, and averred that the defendants, at said Danville, on the first day of June A. D. 1838, being indebted to the plaintiff in the sum of five hundred dollars, by reason of the prem-

ise's above set forth, in consideration thereof, then and there promised the plaintiff to pay the same on demand.

The declaration also contained the common counts.

The writ was served upon the defendant, Silver, only, the other defendant residing out of the state.

Plea, non assumpsit, and trial by jury.

On the trial in the county court, several questions arose, on which exceptions were taken by the defendant and presented for the decision of this court; but, as only one of the questions was here decided, for the reason stated by the Chief Justice in the opinion, the others are omitted, and the arguments of counsel thereon, in reporting the case.

The plaintiff introduced witnesses to prove the facts set forth in the first count in the declaration, and, among others, Underwood, the constable who sold the hay, was called. The defendant objected to his testifying, on the ground that he was interested; but the county court overruled the objection and he was permitted to testify. To the decision of the county court, permitting him to testify, the defendant excepted.

The jury returned a verdict for the plaintiff.

The defendant moved in arrest of judgment for the insufficiency of the declaration. But the county court overruled the motion and the defendant excepted to that decision.

*W. Upham* and *L. B. Peck*, for defendant.

We insist that there was error in the court below and that the judgment there rendered should be reversed.

Underwood, the constable who sold the hay to the plaintiff, was inadmissible as a witness, and should have been excluded. The vendor of personal property is not a competent witness for the vendee, in a suit brought against the latter for taking the property away. He is considered as having warranted the title, and therefore interested in the event of the suit. *Heermance* v. *Vernoy*, 6 Johns. 5. *Drew* v. *Barber*, 3 Cowen, 272. 3 Stark. Ev. 1646, 1697.

But, in this case, there was no implied warranty on the part of the defendant, because he was not the vendor of the property, nor in possession of it at the time of the sale.

*J. Mattocks* and *G. B. Chandler* argued for the plaintiff,

and insisted that the officer, who sold the hay, was a competent witness for the plaintiff, and, to this point, they cited 7 Term R. 48 ; 2 East, 455 ; 1 Phil. Ev. 55 ; 2 Stark. Ev. 767.

The opinion of the court was delivered by

WILLIAMS,Ch. J.——We are all agreed, in this case, that the proceedings in the county court were erroneous in one particular, and that their judgment must be reversed. It would be well if we could decide all the questions which have been argued, but, as the views of the members of the court who are now present are not all alike, we are under the necessity of leaving them undecided, and if it should be found necessary hereafter to present all or any of the questions which have been argued, it can be better done under an amended declaration, and possibly some of them may be obviated by the introduction of further testimony.

Admitting, therefore, that, in a sheriff's sale, there is a warranty of the title of the property sold, the officer who sells must be liable on such warranty, and if he can be considered, under the peculiar circumstances of this case, as an agent for Silver, the creditor, so that the latter is bound by his acts, we think the officer was not the proper person by whom to prove the agency, and other circumstances, to charge the defendant. His interest to fasten a recovery on the latter is obvious, as he thereby would discharge himself, especially if a satisfaction were obtained of Silver. It is not like the case of a joint tort-feasor, who has been considered as an admissible witness for a plaintiff. A judgment in this case would be evidence against the defendent that Underwood acted under his directions. We are, therefore, all agreed that, for this reason, the judgment of the county court should be reversed.